The opinion of the court was delivered by
Gibson, J.
The law is well laid down in Mires v. Solebay, 2 Mod. 242, that this action cannot be maintained against a servant who has acted by his master’s command, unless it were to do an apparent wrong; and that where the master’s case depends on a title, as where the command is given under the colour of a right, whether valid or not, the servant will be excused; for, as is justly remarked, it would be unreasonable to require the.servant to scrutinize the master’s title, and thus to make him, in all cases, act at his peril. But is this law applicable to the case, as it appeared on *93 the evidence? The defendant below was the manager of a nail factory, which was owned by third persons in partnership. The patent machine, for the conversion of which this suit is brought, was owned, and put up in the factory by the patentee, who after-wards sold it to the plaintiff. The plaintiff demanded it, but the defendant refused to deliver it, and continued to use it as before; and the question is, Whether this was evidence of a conversion by the defendant. There was no evidence, that the refusal was in pursuance of instructions from the owners. Indeed, the manager of an iron works, or of a factory such as this, although he is in contemplation of law the agent of the owners, stands in a relation very different from that of a mere servant. He is not an executive agent divested of all discretionary power, but the locum tenens of the owners, and invested with all their authority. Instead of executing commands, his business is to give them, and to judge of the propriety of every measure taken for the benefit of his employers; and in this, as respects third persons at least, he acts at his peril. If the machine had been put up in the factory before the defendant was employed, which does not appear, it might possibly'have made a different case; for an agent having received the possession of a chattel from his employer, which is •prima facie evidence of title in the latter, is not bound to deliver it to the true owner; and a refusal, thus explained, would be no evidence of conversion by the agent. But if the defendant received this machine from his employers, under these circumstances, it was his business to show it: he attempted to defend himself on the ground of his having acted as an agent, and it was requisite, in addition, to prove, that he acted as an agent under circumstances sufficient to excuse him. As it is, he must be taken to have been fully informed of the extent of his employers’ rights, and to have exercised the same discretion in respect of them, that his employers could have exercised had they been present. The direction of the court was, that if there had been a trespass in the original taking, or in the conversion, the defendant would be liable; and this is undoubtedly true, whether he acted by the direction of his employers or not. It is not pretended, that there was any taking; and whether there was any trespass or tort in the conversion, depended on whether the defendant was ignorant that his employers had no pretence of right, and acted in pursuance of special instructions from them. If the machine was put up in the factory during the period of his being manager, and he acted of his own head in refusing to deliver it, he rendered himself liable; and the burden of proof to the contrary lay on him. I cannot therefore discover error, either in the abstract principle laid down by the court, or in its application to the facts given in ‘ evidence, with respect to which, the direction was as favourable to the defendant as he had a right to require.
The jury were also instructed, that if the defendant detained the machine to prevent the plaintiff from using it as a model in the *94 construction of other machines, that would be a circumstance proper for consideration in assessing damages; and hence an inference, that the jury were left to give vindicatory damages. -Ordinarily, the value of the property is the measure of the damages; but compensation may also be made, for an aggravation of the injury by peculiar circumstances in the taking or detention. Deprivation of the use of this machine, either as a model or in any other way, was a part of the general injury for which compensation was proper; and the extent of the injury, viewed in this light, was certainly not the less, because purposely inflicted. In this aetiou, a jury ought not to give vindicatory damages; but an injury beyond the mere value of the property, is frequently a fair subject of compensation; and on this point I perceive no error. Exceptions have also been taken in minor points, about which, as no error has been clearly established, it is unnecessary to speak; and I am therefore of opinion, that the judgment be affirmed.
Judgment affirmed.